IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| GERARDO THOMAS GARZA,<br><br>          Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Case No. 1:06-CV-134 DAK<br><br>District Judge Dale A. Kimball<br>Magistrate Judge Brooke Wells<br><br><br>**MEMORANDUM DECISION AND**<br>**ORDER DISMISSING COMPLAINT** |

Plaintiff, Gerardo Thomas Garza, an inmate at the Utah state Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. See 42 U.S.C.A. § 1983 (West 2008). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). See 28 *id.* 1915. This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

## ANALYSIS

### I. Sovereign Immunity

Under 28 U.S.C. § 1915(e)(2)(B)(iii), the court must dismiss a case filed by a plaintiff proceeding *in forma pauperis* if it is determined that the action "seeks monetary relief from a defendant who is immune from suit." Id. Plaintiff's Complaint names the United States of America as the sole defendant and seeks monetary damages for allegedly wrongful imprisonment and mistreatment while in federal custody.

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's

jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quotation omitted).  "The United States consents to be sued only when Congress unequivocally expresses in statutory text its intention to waive the United States' sovereign immunity." *United States v. Richman (In re Talbot)*, 124 F.3d 1201, 1206 (10th Cir. 1997).  Moreover, "the existence of consent is a prerequisite for [subject matter] jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Accordingly, "[a] party suing the United States, its agencies or officers, must allege both a basis for the court's jurisdiction and a specific statute containing a waiver of the government's immunity from suit." *Thomas v. Pierce*, 662 F. Supp. 519, 523 (D. Kan. 1987).

Plaintiff's Complaint does not identify a specific statute waiving the United States' sovereign immunity with regard to the type of claims presented in this case, nor is the Court aware of any such statute.  Thus, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii) for lack of subject matter jurisdiction. *See* 28 U.S.C.A. § 1915 (West 2008).  However, if Plaintiff can amend his Complaint to identify a statutory waiver of the United States' sovereign immunity, or to state additional claims against defendants who are not immune from suit, he may do so within thirty days.  Plaintiff is strongly encouraged to seek assistance from the prison contract attorneys in preparing an amended complaint.  Failure to file an amended complaint in accordance with this order will result in this case being dismissed entirely.

DATED this 28th day of August, 2008.

BY THE COURT:

_____
Dale A. Kimball
United States District Judge