# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| GERARDO THOMAS GARZA, <br><br> Plaintiff, <br><br> v. <br><br> TROY BURNETT et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 1:06-CV-134 DAK <br><br> District Judge Dale A. Kimball |

Plaintiff, Gerardo Thomas Garza, filed this civil rights suit under 42 U.S.C. § 1983 while incarcerated at the Utah State Prison. *See* 42 U.S.C.A. § 1983 (West 2010). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 U.S.C.A. § 1915 (West 2010). Before the Court is Defendant's Motion for Summary Judgment.

## I. Background

Plaintiff filed his original *pro se* Complaint in this case on October 25, 2006, naming the United States of America as the only defendant.[1] On April 5, 2007, Plaintiff filed a separate *pro se* suit (case no. 1:07-CV-51 DAK) based on essentially the same underlying facts naming Troy Burnett, an Ogden City Police

---

[1] The United States of America was ultimately dismissed on sovereign immunity grounds and Plaintiff was given leave to amend his complaint to name a proper defendant.

officer, as the sole defendant.  On February 11, 2009, *pro bono*
counsel was appointed to represent Plaintiff in both cases.  On
May 12, 2009, Plaintiff's counsel filed a motion to consolidate
the cases, along with a Proposed Amended Complaint.  The motion
to consolidate was granted on June 29, 2009, and Plaintiff's
Amended Complaint was filed the following day.

Plaintiff's Amended Complaint asserts one claim of
unreasonable search and seizure under the Fourth Amendment; it
also alleges claims of cruel and unusual punishment and
unnecessary rigor under the Eighth Amendment and the Utah
Constitution, respectively.  Plaintiff's Fourth Amendment claim
stems from a warrantless search of Plaintiff's hotel room
conducted by Defendant Burnett on April 19, 2002.  According to
the Amended Complaint, Burnett came to Plaintiff's hotel room on
that date to conduct a "knock and talk" investigation.  The
registered occupant of the room, Ms. Ambris, answered the door
and allowed Burnett to enter.  Upon entering, Burnett heard the
bathroom door slam shut and asked Ms. Ambris who was in there.
Ambris stated that it was her boyfriend.  Burnett then proceeded,
without permission, to push open the bathroom door and look
inside, where he discovered Plaintiff.  After telling Plaintiff
to show his hands, Burnett observed that Plaintiff had a firearm.
Burnett immediately placed Plaintiff under arrest and, while

searching Plaintiff's person, found some methamphetamine. Plaintiff was subsequently charged and convicted of possession of methamphetamine and possession of a firearm by a felon. Plaintiff was sentenced to 37 months imprisonment and three years supervised release.

On February 2, 2005, the United States Court of Appeals for the Tenth Circuit overturned Plaintiff's conviction, holding that Burnett's search of the bathroom--which led directly to discovery of the evidence against Plaintiff--was unreasonable under the Fourth Amendment. *United States v. Garza*, No. 04-4046, 125 Fed. Appx. 927, 2005 WL 237757 (10th Cir. Feb. 2, 2005). Plaintiff served a total of thirty-one months imprisonment on the charges resulting from the illegal search before his conviction was overturned.

Plaintiff's claims of cruel and unusual punishment and unnecessary rigor allege that during Plaintiff's confinement certain unidentified corrections officers "knowingly and intentionally violated Plaintiff's constitutional rights  by subjecting him to various unjustified, unreasonable and malicious assaults, calling him derogatory names in front of other inmates, and denying him proper medical treatment for his mental and physical afflictions."  (Am. Compl. ¶ 32, 37, 40.)  Plaintiff seeks compensatory and punitive damages, attorney fees and costs.

## II. Motion for Summary Judgment

Defendant Burnett moves for summary judgment on the ground that Plaintiff's search and seizure claim is barred by the applicable statute of limitation. According to Tenth Circuit precedent, all § 1983 actions filed in federal court in Utah are subject to the four-year limitation period provided in Utah Code Annotated § 78B-2-307. *See Larson v. Snow College*, 189 F. Supp. 2d 1286, 1298 (10th Cir. 2000); Utah Code Ann. § 78B-2-307 (West 2010)(formerly codified at U.C.A. § 78-12-25). Burnett asserts that Plaintiff's Fourth Amendment claim accrued on April 19, 2002--the date of Plaintiff's arrest--which was more than four years before Plaintiff initially filed suit on October 25, 2006. Plaintiff, on the other hand, contends that based on the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), his Fourth Amendment cause of action did not accrue until February 2, 2005, the date on which his conviction was overturned by the Tenth Circuit.

### A. Accrual Date

The accrual date of a § 1983 claim is governed by federal law. *See Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 1097 (2007). Generally, accrual occurs "when the plaintiff has a complete and present cause of action," or, in other words, "when the plaintiff can file suit and obtain relief." *Id.* As pointed

4

out by Plaintiff, however, in some instances *Heck* may determine when a § 1983 claim becomes actionable, thereby affecting when the claim accrues. In *Heck*, the Supreme Court held that a § 1983 claim is not cognizable if it would render invalid a plaintiff's conviction or sentence. *Heck*, 512 U.S. at 486-87. This rule is known as the "*Heck* bar." *See Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 1098 (2007). The *Heck* bar requires a district court to determine--as a jurisdictional matter--whether a plaintiff's § 1983 claim, if successful, would necessarily imply the invalidity of the plaintiff's conviction or sentence. *Heck*, 512 U.S. at 487. If so, before proceeding under § 1983 the plaintiff must first overcome the *Heck* bar by showing that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*.

Because the *Heck* bar, until it is overcome, makes a § 1983 claim incognizable, it "delays what would otherwise be the accrual date of a tort action until the setting aside *of an extant conviction* which success in that tort action would impugn." *Wallace*, 549 U.S. at 393 (emphasis in original); *see also Heck*, 512 U.S. at 489 ("[T]he statute of limitations poses

5

no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen . . . a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.")  This principle is referred to as the "Heck rule of deferred accrual."  *Id*.

Prior to *Wallace*, most circuits––including the Tenth Circuit––construed the *Heck* rule of deferred accrual as applying to both extant and anticipated future convictions.  *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) ("*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges.  Such claims arise at the time the charges are dismissed.").  Under this reasoning § 1983 claims that might impugn an anticipated future conviction were deemed not to accrue so long as the potential for a judgment in the pending criminal prosecution continued to exist.  The *Wallace* Court, however, explicitly rejected this approach, reasoning that it would require "the plaintiff, (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict . . . ."  *Id*.

In *Wallace* the Supreme Court held that the *Heck* rule of
deferred accrual applies only when success in a § 1983 action
would impugn an *extant* conviction. *Id.* It does not apply to,
and thus does not defer accrual of, a § 1983 action "which would
impugn *an anticipated future conviction*." *Id.* (emphasis in
original). In other words, if a plaintiff is not convicted at
the time a § 1983 claim accrues, the accrual of the claim is not
deferred by the mere possibility of a future prosecution or
conviction, and that plaintiff must file the claim within the
applicable limitations period. However, if a plaintiff files a §
1983 suit prior to being charged and a prosecution is later
commenced which might be impugned by a decision in the § 1983
suit, a district court may "stay the civil action until the
criminal case or the likelihood of a criminal case is ended",
*id.*, but the accrual of the cause of action is not thereby
deferred. Finally, because the Supreme Court applied these rules
to the parties in *Wallace*, the rules announced therein apply
retroactively. *See, e.g., Reynoldsville Casket Co. v. Hyde,* 514
U.S. 749, 752, 115 S. Ct. 1745, 1748 (1995) (when the Supreme
Court announces a new legal rule and applies it to the parties in
that case, the new rule applies to all pending cases, even if
those pending cases "involve predecision events").

Applying *Wallace* to the present case, the Court concludes

that the *Heck* bar did not prohibit Plaintiff from filing this
suit while criminal charges were still pending against him.
Although Plaintiff's Fourth Amendment claim undoubtedly would
have impugned Plaintiff's prosecution and conviction (while it
remained in force), no conviction was extant at the time
Plaintiff's claim accrued which would invoke the *Heck* rule of
deferred accrual.  Thus, Plaintiff's § 1983 search and seizure
claim accrued on the date of the challenged search, April 19,
2002.  Because this suit was not filed until October 25, 2006,
more than four and a half years after accrual, Plaintiff's Fourth
Amendment claim, absent tolling, would not be timely filed under
the applicable statute of limitations.

## B. Tolling

The Court in *Wallace* declined to adopt a federal tolling
rule that would toll an accrued § 1983 claim if a conviction was
later obtained, resulting in a possible *Heck* bar to a potential §
1983 claim.  *Wallace*, 549 U.S. at 394.  However, the Supreme
Court did not foreclose the possibility that state equitable
tolling rules might be applied to save an otherwise time-barred
claim from strict application of *Wallace*.  Like the length of
statutes of limitation for § 1983 claims, federal courts refer to
state law for tolling rules.  *See Fratus v. Deland*, 49 F.3d 673,
675 (10th Cir. 1995).

The Utah Supreme Court has held that the doctrine of
equitable tolling may be used "to prevent the expiration of
claims to litigants who, *through no fault of their own*, have been
*unable* to assert their rights within the limitations period."
*Beaver County v. Property Tax Div. of Utah State Tax Comm'n*, 128
P.3d 1187, 1194 (Utah 2006) (emphasis added).  However, the Court
also cautioned that equitable tolling "should not be used simply
to rescue litigants who have inexcusably and unreasonably slept
on their rights."  *Id*.  The Utah Supreme Court also warned that
"[c]ourts should be cautious in tolling a statute of limitations;
[as] liberal tolling could potentially cause greater hardships
than it would ultimately relieve."  *Id*.

In the present case, Plaintiff has not shown that he was
unable to assert his rights within the limitations period.
Although Plaintiff states that he is mentally disabled, he has
not produced any evidence showing that his failure to file suit
within the four-year period of limitations was due to any mental
disability.  In fact, as previously noted, despite his
disabilities Plaintiff was able to successfully file the present
suit, and his later suit naming Burnett as a defendant, without
the assistance of counsel.  There is no indication that Plaintiff
was incapable of doing so before the limitations period expired,
less than seven months earlier.

Equitable tolling also cannot be justified here based on possible confusion about when Plaintiff's claim actually accrued. Although several courts have applied equitable tolling to mitigate the effects of the legal changes brought about by *Wallace*, several factors distinguish those cases from the present case. *See, e.g., Kucharski v. Leveille*, 526 F. Supp. 2d 768 (E.D. Mich. 2007); *Kennedy v. City of Villa Hills*, Civ. A. No. 07-122-DLB, 2008 WL 650341 (E.D. Ky. Mar. 6, 2008); *Hargroves v. City of New York*, No. 03-CV-1668 (RRM)(ALC), 2010 WL 772709 (E.D. N.Y. March 4, 2010). First, none of the cases granting equitable tolling, of which the Court is aware, are based on Utah law. Instead, most rely upon state equitable tolling laws which are substantially broader, and hence more lenient, than Utah's. *See, e.g., Kucharski*, 526 F. Supp. 2d at 772 (Under Michigan law, relief from statute of limitations allowed if delay in filing "is the product of an understandable confusion about the legal nature of [] claim," and "confusion is created by the courts themselves.")

Second, Utah already provides a significantly longer limitations period for § 1983 claims than those states in which equitable tolling has been found warranted. *See, e.g., Hargroves*, 2010 WL 772709, at *8 ("Section 1983 actions brought in New York have a three-year statute of limitations.");

*Kucharski*, 526 F. Supp. 2d at 775 (Michigan three-year limitations period); *Kennedy*, 2008 WL 650341, at *3, n. 9 (§ 1983 actions in Kentucky are limited by one-year statute of limitations). Given Utah's generous limitations period for § 1983 claims, applying equitable tolling to further extend the filing deadline would likely cause substantial prejudice to potential defendants.

Finally, and most importantly, none of the cases granting equitable tolling, of which the Court is aware, involved such an extreme delay as that found here. Court records show that Plaintiff waited over nineteen months from the time his conviction was overturned before filing the present suit.[2] Plaintiff does not offer any explanation for this delay. Moreover, due to Utah's generous limitations period, at the time Plaintiff's conviction was overturned more than fourteen months still remained under the applicable statute of limitations. Even assuming that Plaintiff believed his cause of action did not accrue until his conviction was overturned, fourteen months should have been more than enough time for Plaintiff to bring a § 1983 suit. *See Sandles v. U.S. Marshal's Service*, No. 04- 72426,

---

[2] Plaintiff's separate suit naming Troy Burnett as a defendant was not filed until more than twenty-six months after his conviction was overturned.

2007 WL 4374080 (E.D. Mich. Oct. 18, 2007) (unpublished decision) (declining to apply equitable tolling because plaintiff waited ten months after his criminal conviction was reversed before filing § 1983 suit); *see also, Kucharski*, 526 F. Supp. 2d at 769, 775 (granting tolling where § 1983 suit filed one year after reversal of conviction and no time remained under limitations period when conviction was overturned). This is especially true given that the Tenth Circuit's opinion reversing Plaintiff's conviction explicitly found the search leading to Plaintiff's arrest to be unconstitutional. *United States v. Garza*, No. 04-4046, 125 Fed. Appx. 927, 932, 2005 WL 237757, at **5 (10th Cir. Feb. 2, 2005). This should have left no doubt in Plaintiff's mind that prompt action should be taken to vindicate his rights. Despite this, Plaintiff chose to wait more than a year and a half before filing suit. Under these circumstances the Court can only conclude that Plaintiff "inexcusably and unreasonably slept on [his] rights," making him ineligible for equitable tolling under Utah law. *Beaver County v. Property Tax Div. of Utah State Tax Comm'n*, 128 P.3d 1187, 1194 (Utah 2006).

## C. Conclusion

Based on the Supreme Court's holding in *Wallace*, the Court finds that Plaintiff's Fourth Amendment claim accrued on April 19, 2002, making this § 1983 suit untimely under the applicable

statute of limitations.  Moreover, Plaintiff is not entitled to
equitable tolling of the statute of limitations because he
inexcusably failed to assert his rights in a timely manner.
Thus, the Court concludes that Defendant Burnett's motion for
summary judgment must be granted.

### III. Eighth Amendment and Utah Constitutional Claims

The Court must now decide whether Plaintiff's remaining
allegations against the unidentified "John Doe" defendants are
sufficient to state a claim on which relief can be granted.

### A. Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any
claims in a complaint filed *in forma pauperis* if they are
frivolous, malicious or fail to state a claim upon which relief
can be granted.  "Dismissal of a pro se complaint for failure to
state a claim is proper only where it is obvious that the
plaintiff cannot prevail on the facts he has alleged and it would
be futile to give him an opportunity to amend."  *Perkins v. Kan.
Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).  For
screening purposes, the Court "presumes all of plaintiff's
factual allegations are true and construes them in the light most
favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106,
1109 (10th Cir. 1991).

To state a viable claim "[t]he complaint must plead

13

sufficient facts, taken as true, to provide 'plausible grounds'
that discovery will reveal evidence to support the plaintiff's
allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th
Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127
S. Ct. 1955, 1974 (2007)).  The requirement of plausibility
serves "not only to weed out claims that do not (in the absence
of additional allegations) have a reasonable prospect of success,
but also to inform the defendants of the actual grounds of the
claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247
(10th Cir. 2008).  "Factual allegations [in a complaint] must be
enough to raise a right to relief above the speculative level."
*Id*. at 1248.  And, "the complaint must give the court reason to
believe that this plaintiff has a reasonable likelihood of
mustering factual support for [his] claims."  *Ridge at Red Hawk,
L.L. C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

## B. Plaintiff's Allegations

Plaintiff's Amended Complaint, filed with the assistance of
counsel, alleges that in December of 2002, while confined at the
Weber County Jail, Plaintiff was assaulted by two unidentified
guards who held him down on a bed and punched him repeatedly
after he refused to comply with their instructions.  Although
Plaintiff admits that he initially refused to cooperate with the
guards, he asserts that when the assault occurred he was

cooperating and merely asked to speak with the jail Captain
because he believed he was being treated unfairly.  Following
this incident Plaintiff was transferred to the maximum security
section of the Weber County Jail.  While there, Plaintiff was
allegedly assaulted again by five unidentified officers, one of
whom was also involved in the first assault.  Plaintiff states
that in response to his sarcastic remarks the officers grabbed
him and repeatedly slammed him against a wall.  Plaintiff was
subsequently transferred to the Davis County Jail.

Plaintiff alleges that in 2003, while confined at the Davis
County Jail, he was assaulted by two officers who pulled his
injured arm behind him and punched him in the face with great
force.  As a result of this incident Plaintiff was taken to the
University of Utah Medical Center where he was diagnosed with an
orbital fracture to his skull.  Plaintiff was later transferred
to the Salt Lake County Jail.

Plaintiff alleges that at the Salt Lake County Jail he was
denied necessary treatment for unspecified medical conditions
including a painful stomach ache.  After numerous complaints of
stomach pain Plaintiff was eventually examined at the University
of Utah hospital and diagnosed with ulcerative colitis.
Plaintiff also alleges that guards at the Salt Lake County Jail
called him derogatory names in front of other inmates, including

"snitch" and "spic."

Based on these allegations Plaintiff's Amended Complaint asserts two Eighth Amendment claims of cruel and unusual punishment for excessive force and denial of medical care. Plaintiff also asserts a pendent state law claim of "unnecessary rigor" under the Utah Constitution.  *See* Utah Const. art. 1, § 9.

### C. Sufficiency of Eight Amendment Claims

### i. Weber County Jail

Plaintiff's allegations of mistreatment at the Weber County Jail do not include sufficient facts to show a right to relief that rises above a speculative level.  Not only does Plaintiff fail to identify the officers who allegedly assaulted him, but the circumstances surrounding this incident make it highly doubtful that Plaintiff could state a claim for excessive force.

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct. 995, 999 (1992).  Plaintiff admits that Weber County Jail officials resorted to force only after Plaintiff refused to cooperate and obey orders.  Under these circumstances, it is reasonable to assume that officers

resorted to force in a good faith effort to maintain or restore discipline. Even accepting Plaintiff's assertion that officers continued to use force after Plaintiff began cooperating, the scant factual allegations presented suggest that officers may have reasonably failed to apprehend Plaintiff's intentions. In sum, Plaintiff does not allege sufficient facts to show that Weber County Jail officers acted maliciously or sadistically to cause him harm.

Thus, the Court concludes that Plaintiff's allegations of excessive force at the Weber County Jail do not include sufficient facts to provide plausible grounds that discovery will reveal evidence to support his claims.

## ii. Davis County Jail

Plaintiff's allegations regarding the alleged attack at the Davis County Jail also lack sufficient factual detail to state a plausible claim. Plaintiff not only fails to name the officer who allegedly punched him in the face, he also provides no information about the officer's position or physical description that make it likely the officer could be identified. Moreover, Plaintiff does not allege any facts regarding the circumstances surrounding the incident which indicate that the use of force was malicious or sadistic. Plaintiff's bare allegations that he was manhandled, punched in the face and required medical treatment,

absent specific facts regarding the circumstances of the
incident, are not sufficient to state a claim under the pleading
standard mandated in *Twombly*.

Thus, Plaintiff's allegations regarding excessive force at
the Davis County Jail are insufficient to state a claim on which
relief can be granted.

### iii. Salt Lake County Jail

Plaintiff's allegations regarding denial of adequate medical
care at the Salt Lake County Jail are also too meager to state a
viable Eighth Amendment claim.

In *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), the
Supreme Court held that "deliberate indifference to serious
medical needs of prisoners constitutes the 'unnecessary and
wanton infliction of pain,' *Greg v. Georgia*, 428 U.S. 153, 96 S.
Ct. 2909 (1976), proscribed by the Eighth Amendment." *Estelle*,
429 U.S. at 104. "Deliberate indifference involves both an
objective and a subjective component." *Sealock v. Colorado*, 218
F.3d 1205, 1209 (10th Cir. 2000). The objective component is met
if the deprivation is "sufficiently serious." *Farmer v. Brennan*,
511 U.S. 825, 834, 114 S. Ct. 1970 (1994). A medical need is
sufficiently serious "if it is one that has been diagnosed by a
physician as mandating treatment or one that is so obvious that
even a lay person would easily recognize the necessity for a

doctor's attention."  *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

The subjective component is met only if a prison official "knows of and disregards an excessive risk to inmate health or safety."  *Farmer*, 511 U.S. at 837.  Allegations of mere negligence in diagnosing or treating a medical condition, *Estelle*, 429 U.S. at 105, or "inadvertent failure to provide adequate medical care,"  *Riddle v. Mondragon*, 83 F.3d 1197, 1203 (10th Cir. 1996), are insufficient to state a claim under the Eighth Amendment.  "Delay in [providing] medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm."  *Sealock*, 218 F.3d at 1210.  The Tenth Circuit has held that the "substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain."  *Garrett v. Stratman*, 254 F.3d 949, 950 (10th Cir. 2001).

Plaintiff's allegations are not sufficient to satisfy either the objective or subjective component of the medical deliberate indifference standard.  First, Plaintiff does not allege sufficient facts to show that he had a medical condition which was objectively sufficiently serious to support an Eighth Amendment claim.  Plaintiff alleges only that he complained of a "painful stomach ache, among other conditions."  (Am. Compl. ¶

25.)  This allegation, however, does not support the conclusion that officers were aware Plaintiff had a medical condition that "had been diagnosed by a physician as mandating treatment or that was so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Hunt*, 199 F.3d at 1224.  Although Plaintiff states that he was eventually diagnosed with ulcerative colitis, this diagnosis was apparently rendered only after Plaintiff received substantial medical evaluation and treatment.

Second, even assuming that Plaintiff could show a sufficiently serious medical condition of which officers were aware, the Amended Complaint's meager allegations do not support a finding of deliberate indifference thereto.  Not only does Plaintiff admit that he received extensive medical treatment, he does not allege any facts showing that the delay in treating his condition resulted in substantial harm.  Morever, based on the limited allegations in the Amended Complaint it appears that any delay resulted from mere inadvertence or negligence rather than deliberate indifference.

Thus, the Court concludes that Plaintiff's allegations regarding inadequate medical treatment at the Salt Lake County

Jail are insufficient to state a plausible claim for relief.[3]

### iv. Conclusion

Based on the foregoing, the Court concludes that Plaintiff's allegations of excessive force and denial of adequate medical care do not satisfy the pleading standard set out in *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). The Amended Complaint not only fails to identify the individuals who allegedly violated Plaintiff's Eighth Amendment rights, it also does not allege sufficient facts to nudge Plaintiff's claims "across the line from conceivable to plausible." *Robbins*, 519 F.3d at 1247. Thus, Plaintiff's Eighth Amendment claims are dismissed under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief can be granted. Moreover, because Plaintiff's Amended Complaint was prepared with the assistance of counsel the Court believes it would be futile to allow Plaintiff further opportunity to amend. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

### D. State Law Claim

Under 28 U.S.C. § 1367(c)(3) a district court may decline to

---

[3] Plaintiff's allegation that he was called derogatory names in front of other inmates by officers at the Salt Lake County Jail are clearly frivolous. The Court is not aware of any case, nor has Plaintiff cited any, holding that mere name-calling can amount to cruel and unusual punishment under the Eighth Amendment.

exercise supplemental jurisdiction over state law claims if the court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C.A. § 1937(c)(3) (West 2010). Having concluded that Defendant Burnett is entitled to summary judgment on Plaintiff's Fourth Amendment claim, and that Plaintiff's remaining allegations are insufficient to state a claim under the Eighth Amendment, the Court declines to exercise supplemental jurisdiction here. Thus, Plaintiff's claim of unnecessary rigor under Article 1, Section 9 of the Utah Constitution is dismissed without prejudice.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Defendant Burnett's Motion for Summary Judgment (Doc. no. 37) is **GRANTED;**

(2) Plaintiff's Eighth Amendment claims are **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B);

(3) Plaintiff's state law claim of unnecessary rigor is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1367(c)(3); and,

(4) this case is **CLOSED.**

Dated this 23rd day of March, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge